**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| KOFI JAMISON, on behalf of himself and all others similarly situated ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | |
| FIRST CREDIT SERVICES, INC. ) dba ACCOUNTS RECEIVABLE ) TECHNOLOGIES, and AMERICAN ) HONDA FINANCE CORPORATION ) Defendant. ) | JURY DEMAND |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of First Credit Services, Inc. d.b.a. Accounts Receivable Technologies (hereinafter referred to as "FCS") or American Honda Finance Corporation ("America Honda") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA. Because the TCPA provides for liability against the creditor on whose behalf FCS was calling on, plaintiff seek damages from America Honda for the calls FCS made on it's behalf in violation of the TCPA.

2. "Consumer complaints about abuses of telephone technology – for example, computerized calls to private homes – prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. Congress determined that federal legislation was

needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, Slip Opinion, Case No. 10-1195 (United States Supreme Court January 18, 2012) (internal citations omitted). In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

3. Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337 and 47 U.S.C. §227 (TCPA). Venue in this District is proper because defendant transacts business here.

## PARTIES

5. Plaintiff Kofi Jamison (Jamison) is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

6. Defendant, FCS, is a New Jersey corporation that maintains its headquarters at One Woodbridge Center, Suite 410, Woodbridge, NJ 07095. It maintains a registered agent in Illinois, Illinois Corporation Service Company. FCS provides collection services on millions of defaulted accounts.

7. American Honda Finance Corporation provides financing for Honda and Acura automobiles and uses the assumed names Honda Financial Services and Acura Financial

Services. Its registered agent in Illinois is CT Corporation located at 209 S. LaSalle Street, Ste. 814, Chicago, Illinois 60604.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

8. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

12. In the same Declaratory Ruling, the FCC emphasized that both the creditors, such as American Honda and the third party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules.")

**FACTS RELATING TO PLAINTIFF KOFI JAMISON**

13. At all times relevant, plaintiff Kofi Jamison was an individual residing in the State of Illinois. Jamison is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

14. Jamison's sister, Kai Jamison (Kai), incurred a debt with American Honda.

15. FCS was calling Jamison on behalf of American Honda in an attempt to collect Kai's debt.

16. Jamison was not a party to the above referenced debt.

17. FCS obtained Jamison's current cellular telephone number through skip tracing.

18. FCS is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

19. FCS contacted Jamison on Jamison's cellular telephone. Jamison received numerous calls on his cellular phone with respect to the alleged debt owed to America Honda during the time period relevant to this action.

20. All telephone contact by FCS to plaintiff on his cellular telephones occurred

via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this complaint occurred within four years of the filing of this complaint.

21. The telephone numbers that FCS and America Honda used to contact plaintiff and the class with an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

22. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Plaintiff did not provide "express consent" allowing FCS to place telephone calls to his cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

24. FCS did not make telephone calls to plaintiff's cellular phone "for emergency purposes" placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

25. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on defendant to demonstrate that plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

## COUNT I - TCPA (CELLULAR CALLS)

26. Plaintiff incorporates the above factual allegations herein.

27. FCS made unsolicited commercial phone calls to the wireless telephone numbers of plaintiffs and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. These phone calls were made without the prior express consent of plaintiff

or the class.

29. FCS has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

30. Because FCS's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(c), treble the amount of statutory damages recoverable by the plaintiffs and the class.

31. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting defendant's violation of the TCPA in the future.

### CLASS ALLEGATIONS

32. Plaintiff brings this claim on behalf of the a Class, which consists of:

(1) All persons in the United States (2) to whose cellular telephone number (3) FCS or American Honda placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) within 4 years of the complaint (6) with respect to a debt allegedly owed to America Honda (7) where FCS or American Honda obtained the cellular telephone that was called via skip trace methods.

33. Plaintiff represents and is a member of the Class. Excluded from the Classes are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

34. Plaintiff does not know the exact number of members in the Class, but based upon the representations of FCS, plaintiffs reasonably believes that class members number at minimum in the hundreds if not thousands.

35. Plaintiff and all members of the class have been harmed by the acts of defendants.

36. This Class Action Complaint seeks money damages and injunctive relief.

37. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by FCS and America Honda.

38. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether FCS engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b. The manner in which FCS obtained the cell phone numbers;

    c. Whether FCS thereby violated the TCPA;

    d. Whether America Honda is liable for any violations of the TCPA.

39. As a person who received numerous and repeated telephone calls using

an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, plaintiff asserts claims that are typical of each class member. Plaintiff will fairly and adequately represent and protect the interests of the class, and have no interests which are antagonistic to any member of the class.

40. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

41. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

42. Defendants have acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the

future;

C. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

D. Such other relief as the Court deems just and proper.

Respectfully submitted,
Kofi Jamison, Plaintiff

/s/ Keith J. Keogh
Attorney for Plaintiff

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Keith J. Keogh