IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOFI JAMISON, ) | |
| ) | |
| Plaintiff, ) | Case No. 12-cv-4415 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| FIRST CREDIT SERVICES, INC. et al., ) | |
| ) | Magistrate Geraldine Soat Brown |
| Defendants. ) | |

## ORDER

Plaintiff's motion to Bar FCS' Class Expert [80] is granted. If defendant First Credit Services, Inc. ("FCS") seeks to reopen discovery on the issue of class certification to allow disclosure of an expert report, which will impact the District Judge's schedule for the class certification motion, FCS must make that request to the District Judge.

## STATEMENT

Plaintiff moves to bar FCS from using the expert report that is attached to FCS's response to plaintiff's motion for class certification, on the ground that the disclosure of that expert is untimely. (Pl.'s Mot.) That requires review of the time line in this case.

### Background

In June 2012, with the filing of the complaint in this case, plaintiff filed a motion for class certification. [Dkt 4.] On September 5, 2012, the District Judge set a schedule for plaintiff's motion for class certification. [Dkt 29.] Plaintiff's memorandum in support was to be filed by November 23, 2012; defendants' responses were due by December 21, 2012; and plaintiff's reply was due January 11, 2013. (*Id.*) Relevant to the present motion, that order stated, "All class discovery to be completed by 11/9/12." (*Id.*)

Plaintiff's memorandum was filed on November 26, 2012. [Dkt 52.] (The court was closed November 23, 2012 for the Thanksgiving holiday.) Defendant American Honda Finance Corporation ("Honda") moved for an extension of time for defendants to file their responses, which was granted to January 8, 2013. [Dkt 60, 64.] Honda subsequently moved for additional relief with respect to the filing of its response, including permission to file a response of up to 25 pages and an extension of time to file defendants' responses. [Dkt 66.] The District Judge granted an extension of time to January 28, 2013. [Dkt 69.]

Honda filed its response on January 28 [dkt 71], but defendant FCS moved for additional time [dkt 72]. The District Judge granted that third extension of time to allow FCS to file its response by February 4, 2013, but stated, "This is a final extension." [Dkt 78.] No party moved for an extension of the deadline for discovery on the class certification motion, which closed three months earlier on November 9, 2012. *Notably, none of defendants' motions for extension of time to file their briefs mentioned the possibility of disclosing an expert report.*

On February 4, 2013, FCS filed its response in opposition to the motion for class certification to which it attached "Expert Report of Ken Sponsler." (FCS's Resp. Mot. Certify, Ex. G.) [Dkt 79.] Plaintiff now moves to strike that report, observing that FCS never suggested that it intended to use an expert in its response. (Pl.'s Mot. ¶ 5.) Plaintiff argues that the use of that report is untimely and prejudicial to plaintiff who now has no opportunity to depose Mr. Sponsler and no opportunity to explore the reliability of the documents and sources upon which he relies. (*Id.* ¶ 8).

FCS does not deny that it never disclosed its intention to use an expert until the filing of its response. Rather, it argues that its expert report is an appropriate response to plaintiff's arguments in favor of class certification. (FCS's Resp. Mot. Bar.) [Dkt 84.]

On the timeliness issue, FCS says that no deadline was set by the District Judge for expert disclosures. (*Id.* at 5.) FCS argues that the two month time period set by the District Judge for class discovery could not have been a reasonable time for the defendant "to hire experts, disclose reports, present them for deposition and have the same process take place in terms of Plaintiff's expert(s), if any." (*Id.*) FCS also argues that if its expert disclosure is untimely, its lateness can be excused as "justified" under Fed. R. Civ. P. 37(c)(1) because its expert report is substantively important in response to plaintiff's arguments. (*Id.* at 6-8.)

Discussion

When the District Judge set discovery to close with respect to class certification, with briefing to follow shortly thereafter, the parties should have understood that mean *all* discovery, including expert disclosures and any follow-up discovery that would be required if an expert disclosure was made. FCS now argues that the time for discovery on class certification was too short to allow for expert discovery. Instead of seeking an extension of that discovery deadline, however, FCS effectively *gave itself* an extension of class discovery by serving its expert report three months after the close of discovery.

The prejudice to plaintiff is obvious. Plaintiff's reply is due shortly, certainly not enough time depose Mr. Sponsler and retain, if necessary, an opposing expert. In fact, FCS does not deny that, rather FCS baldly states that plaintiff can get an extension of the deadline for plaintiff's reply from this court, and that FCS is willing "to alter the reply date." (FCS's Resp. Mot. Bar at 9.)

Amazingly, FCS calls plaintiff's concern about the deadline set by the District Judge "a phony 'timing issue'" concocted by plaintiff. (*Id.*) FCS's argument is both presumptuous and improperly attempts to shift the burden to this court and the plaintiff to remedy FCS's action. FCS is simply wrong in presuming that this court would change a briefing schedule set by the District

Judge on a substantive motion without express authority from the District Judge.  FCS can not give itself a "self-help" extension of discovery and then push the burden of dealing with it on to this court and plaintiff.  If FCS believes that there is good cause why it should be allowed to serve an expert report with its response to the motion for class certification three months after the close of class discovery, FCS must take the burden of requesting leave from the District Judge, who set and can alter the time for the briefing on that class certification motion.

**February 15, 2013**                                                                                    **Geraldine Soat Brown**
                                                                                                                          **Magistrate Judge**