# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4415 | **DATE** | 2/27/2013 |
| **CASE TITLE** | Koff Jamison vs. First Credit Services, Inc., et al | | |

**DOCKET ENTRY TEXT**

Defendant First Credit Services, Inc.'s motion (87) for leave to reset the class certification briefing schedule to allow Plaintiff additional time to respond to FCS's expert report is denied and the expert report is stricken. Defendant may file an Amended Response to Plaintiff's Motion to Certify to allow FCS to replace certain arguments advanced by its expert with citations to the Federal Communication Commission documents by March 8.

■[ For further details see text below.]      Notices mailed by Judicial staff.

# STATEMENT

Defendant First Credit Services, Inc.'s motion for leave to reset the class certification briefing schedule to allow Plaintiff additional time to respond to FCS's expert report or for leave to file an Amended Response to Plaintiff's Motion to Certify to allow FCS to replace certain arguments advanced by its expert with citations to the Federal Communication Commission documents is denied. This motion is effectively a motion for reconsideration of Magistrate Judge Soat Brown's February 15, 2013 order barring FCS from relying on its expert, Ken Sponsler, in opposing class certification. On September 5, 2012, the Court ordered that all discovery with respect to the issue of class certification should be completed by November 9, 2012. Under Federal Rule of Civil Procedure 37(c)(1), the Court must exclude expert opinions that were not disclosed in accordance with the Rules of Civil Procedure "unless the failure was substantially justified or harmless." FCS's failure to comply with the Court's class discovery deadline by waiting until it filed its response brief to Plaintiff's motion for class certification to disclose its expert report is neither justified nor harmless and will not be excused.

The Seventh Circuit has repeatedly emphasized the wide discretion district court judges enjoy in controlling their dockets, as well as the importance of enforcing deadlines. *See A. Bauer Mech., Inc. v. Joint Arbitration Board,* 562 F.3d 784, 790 (7th Cir. 2009) ("We have repeatedly held that district courts have broad discretion to manage their dockets."); *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided not hindered, by adherence to deadlines."); *Regles v. Consolidated Rail Corp.,* 84 F.3d 993, 996 (7th Cir. 1996) ("[Judges] are entitled – indeed they must – enforce deadlines. Necessarily, they must have substantial discretion as they manage their dockets."). This wide discretion includes the discretion to bar an untimely expert report provided the untimeliness was neither substantially justified nor harmless. *See Mannoia v. Farrow,* 476 F. 3d 453, 456-57 (7th Cir. 2007) (affirming district court's decision to strike expert report as untimely where the report was filed in opposition to a motion for summary judgment but was not disclosed before the court's discovery deadline passed); *Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir. 1996) (holding that where a party fails to timely make its expert disclosures as required under Rule 26, exclusion of expert

| STATEMENT |
|---|
| testimony proper unless the party shows that its violations was either justified or harmless.)<br><br>FCS concedes that its failure was not harmless; however, it contends it was justified because the Court's September 5th order did not specifically set an expert discovery cutoff. This purported justification is meritless because the Court's order specifically stated that "[*a*]*ll class discovery* to be completed by 11/9/2012." (Doc. 29 [emphasis added].) If FCS was confused by the use of the term "all" it should have asked this Court for clarification prior to the deadline. It did not nor did it ever ask this Court for an extension of the deadline. Instead it waited until three months after the deadline passed and then disclosed its expert in response to Plaintiff's motion for class certification thereby attempting to use an expert opinion to defeat class certification without giving Plaintiff adequate time to attempt to rebut the opinion. This conduct runs afoul of the Federal Rules of Civil Procedure, is extremely prejudicial to the Plaintiff and is certainly not substantially justified. Accordingly, FCS cannot rely on the report in opposing class certification and its motion is denied. |